IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN PATRICK GARRISON,<br>    Petitioner, | Civil Action No. 16-92 Erie |
| v. | |
| | Magistrate Judge Susan Paradise Baxter |
| MICHAEL CLARK, et al.,<br>    Respondents. | |

## **OPINION**[1]

Presently before the Court is a petition for a writ of habeas corpus filed by state prisoner John Patrick Garrison (the "Petitioner") pursuant to 28 U.S.C. § 2254. [ECF Nos. 3]. He challenges the decision made by the Pennsylvania Board of Probation and Parole (the "Board") to deny him parole. For the reasons set forth below, the petition is denied and a certificate of appealability is denied.

**I.**

**A.**    **Relevant Background**

On February 18, 2011, the Petitioner was sentenced in the Court of Common Pleas of Venango County at criminal docket CP-61-CR-861-2010 to a term of 9 months to 1.5 years of incarceration on a count of False Alarms. Later that same year, on October 31, 2011, he was sentenced at criminal docket CP-61-CR-64-2011 to a term of incarceration of: (1) 1 year and 3 months to 5 years on a count of Endangering Welfare of Children; and (2) 1 to 5 years on a count of Corruption of Minors. (Resp's Ex. 1).

In addition to establishing an offender's minimum and maximum terms when imposing a sentence of total confinement, the sentencing judge in a Pennsylvania court is also required to make a

---

[1]    In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

determination as to the offender's eligibility for the Recidivism Risk Reduction Incentive ("RRRI") program.[2] Commonwealth v. Hansley, 47 A.3d 1180, 1187 (Pa. 2012); Commonwealth v. Robinson, 7 A.3d 868 (Pa.Super.Ct. 2010). The intent of the RRRI program is to encourage "eligible offenders" in the custody of the Department of Corrections ("DOC") "to participate in and successfully complete evidence-based programs under this chapter that reduce the likelihood of recidivism and improve public safety." 61 Pa.C.S. § 4504(b). If an offender is an "eligible offender," the sentencing court at the time of sentencing will impose a minimum and maximum sentence as required by 42 Pa.C.S. § 9752 (relating to sentencing proceeding generally) and also impose a RRRI minimum sentence.

In this case, the Petitioner's minimum sentence expiration date for his aggregated sentence was July 3, 2014. The sentencing court found that he was RRRI eligible and his RRRI minimum sentence expiration date was October 3, 2013. His maximum sentence date is April 3, 2022. (Resp's Ex. 1).

As his RRRI minimum sentence date approached, the Board considered whether the Petitioner should be paroled. On October 1, 2013, it issued a decision in which it denied him parole. (Resp's Ex. 2). In the event that an offender has been sentenced to a RRRI minimum sentence and is not paroled pursuant to the RRRI program, the Board retains its traditional powers of parole and reparole as provided in Chapter 61 of the Prisons and Parole Code. 61 Pa.C.S. § 4507 ("If an inmate has been sentenced by a court to a recidivism risk reduction incentive minimum sentence and the inmate is not paroled under this chapter, the board may grant parole. Except as otherwise provided under this chapter, the board shall retain its power and authority to parole, commit and reparole inmates committed to the department.")

---

[2] This requirement was added to § 9756(b.1) of the Sentencing Code (42 Pa.C.S. § 9756(b.1)), by the General Assembly effective as of November 24, 2008. In 2009, the RRRI statutes were transferred to Chapter 45 in Title 61 of the Pennsylvania Consolidated Statutes (61 Pa.C.S. §§ 4501 to 4512) as part of the 2009 codification of the Commonwealth's prison, probation, and parole statutes.

2

The Board considered the Petitioner for parole on three subsequent occasions and on each occasion it denied him parole. (Resp's Exs. 3, 4 and 5). It issued its most recent decision on June 17, 2016, and informed the Petitioner that:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Board of Probation and Parole, [the Board] in the exercise of its discretion, has determined at this time that: you are denied parole/reparole. The reasons for the Board's decision include the following:
>
> Your risk and needs assessment indicating your level of risk to the community.
>
> The negative recommendation made by the Department of Corrections.
>
> Your minimization/denial of the nature and circumstances of the offense(s) committed.
>
> Your refusal to accept responsibility for the offenses(s) committed.
>
> Your lack of remorse for the offense(s) committed.

(Resp's Ex. 5).

In this federal habeas case, the Petitioner challenges the Board's decision to deny him parole. This case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, which provides that habeas relief is only available on the grounds that the Petitioner is in custody in violation of his federal constitutional rights. 28 U.S.C. § 2254(a). The Petitioner claims that in denying him parole, the Board violated the Due Process Clause, the Ex Post Facto Clause and his rights under the Eighth Amendment.

Respondents have filed their answer (ECF No. 12), in which they contend, *inter alia*, that the Petitioner's claims have no merit. The Petitioner filed a reply (ECF No. 16) and this matter is now ripe for review.

3

**B.** **Discussion**

    **(1)** **The Exhaustion Requirement**

The federal habeas statute typically "requires that prisoners exhaust their claims in state court before seeking relief in federal courts." Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004) (citing 28 U.S.C. § 2254(b)(1)(A)). In Defoy v. McCullough, 393 F.3d 439, 445 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held in 2005 that aside from litigating an *ex post facto* claim, Pennsylvania law does not provide a mechanism by which a prisoner can challenge a parole denial. See also Roman v. DiGuglielmo, 675 F.3d 204, 209 (3d Cir. 2012) ("[T]he State argues that DeFoy no longer controls because Commonwealth Courts since that decision have adjudicated mandamus actions involving parole denials by the Board and have considered constitutional claims other than *ex post facto* claims…. [T]o the extent there has been any shift in Pennsylvania law, we cannot comfortably say that it is clear enough to alter our decision in DeFoy.") Therefore, the Petitioner may be exempt from the exhaustion requirement with respect to all of his claims except for his *ex post facto* claim, but as Respondents note, it is not entirely clear that review of the Petitioner's claims in Pennsylvania state court is foreclosed at this time. However, because a federal court "may bypass the exhaustion issue altogether should [it] decide that the petitioner's habeas claim fails on the merits[,]" and since the Petitioner's claims plainly have no merit, this Court "need not address the issue of exhaustion" with respect to his claims. Roman, 675 F.3d at 209 (citing, *inter alia*, 28 U.S.C. 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")).

### (2) The Petitioner's Claims Have No Merit

The Fourteenth Amendment provides that the State may not "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. An examination of a procedural due process claim under the Fourteenth Amendment proceeds in two steps. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 571 (1972). First, the court must determine whether there exists a liberty or property interest which has been interfered with by the state. Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 460 (1989) (citing Board of Regents, 408 U.S. at 571). Second, and if and only if a petitioner establishes the existence of a protected interest, the court must examine whether the procedures attendant upon that deprivation were constitutionally sufficient. Id. (citing Hewitt v. Helms, 459 U.S. 460, 472 (1983)). The Petitioner cannot meet either criteria because there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence[,]" Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 7 (1979), and both the federal and Pennsylvania state courts have held that parole is not a constitutionally protected liberty interest under Pennsylvania law. Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996); Rogers v. Pennsylvania Bd. of Prob. and Parole, 724 A.2d 319, 322-23 (Pa. 1999). See also Newman v. Beard, 617 F.3d 775, 783 (3d Cir. 2010). Thus, absent the creation of a liberty interest in parole, the Board's decision to deny parole does not create any procedural due process protections.

The Petitioner contends that he was *entitled* to parole at the expiration of his RRRI minimum sentence, but that contention has no merit. As the Respondents explain in their answer, the Petitioner is *eligible* for parole at the expiration of his RRRI minimum sentence, but the Board is still tasked with deciding whether he is entitled to it. 61 Pa.C.S. § 4506(d) ("Nothing in this section shall be interpreted as granting a right to be paroled to any person[.]"); id. § 4511 ("Notwithstanding any other provision of law, this chapter shall not be construed to do any of the following:….(2) Confer any legal right to any

individual to be released on parole under this chapter.") As the Supreme Court of Pennsylvania explained:

> [a]lthough the court imposes an RRRI Act minimum sentence, the offender is not guaranteed a right to be granted parole upon the expiration of that term. See [61 Pa.C.S.] § 4506(d) ("Nothing in this section shall be interpreted as granting a right to be paroled to any person...."). Instead, the Parole Board is tasked with issuing a decision to parole an offender upon completion of the RRRI Act minimum sentence only if the Parole Board independently determines that the offender has successfully completed the required recidivism risk reduction incentive or other similar program, as well as several other requirements (e.g., it does not reasonably appear that defendant presents risk to public safety). Id. § 4506(a)(1)-(10).

Hansley, 47 A.3d at 1188.

To prevail on a substantive due process challenge to the Board's decision, the Petitioner must establish that the decision shocks the conscience. See, e.g., Newman, 617 F.3d at 782. Evans v. Sec'y, Pa. Dept. of Corr., 645 F.3d 650, 659 (3d Cir. 2011). A substantive due process claim is not easily mounted. The Court of Appeals for the Third Circuit has stressed that "[c]onduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct." Newman, 617 F.3d at 782 (internal quotations and citations omitted). See also Hunterson v. DiSabato, 308 F.3d 236, 246-47 (3d Cir. 2002). It also has stated: "[F]ederal courts are not authorized to second-guess parole boards and the requirements of substantive due process are met if there is *some basis* for the challenged decision." Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001) (emphasis added). Newman, 617 F.3d at 782 ("The conduct must be intended to injure in some way unjustifiable by any government interest[.]") (internal quotations and citations omitted).

The Petitioner has not demonstrated that the Board's decision lacked "some basis." As reflected in its most recent decision, the Board denied the Petitioner parole after an interview and a review of his file. The Board determined, *inter alia*, that the Petitioner's "risk and needs assessment" indicated that he did pose an "level of risk to the community[.]" Although the Petitioner disagrees with the Board's

6

assessment of him, he has failed to direct the Court to any factor relied upon by the Board that could be described as "conscience shocking." Accordingly, there can be no finding that he is in custody in violation of his substantive due process rights.

The Petitioner's Eighth Amendment claim also has no merit. He has no right to be released before the expiration of his valid prison sentence on April 3, 2022, Greenholtz, 442 U.S. at 7, and the Board's decision to deny him release to parole does not constitute cruel and unusual punishment. See Sample v. Diecks, 885 F.2d 1099, 1108 (3d Cir. 1989) (imprisonment *beyond* one's term constitutes punishment within the meaning of the Eighth Amendment).

Finally, the Petitioner has not established an *ex post facto* violation. "To be eligible for habeas corpus based on a violation of the *Ex Post Facto* Clause, a petitioner must show *both* a retroactive change in law or policy *and* that this change caused individual disadvantage by creating 'a significant risk of increasing his punishment.'" Richardson v. Pennsylvania Bd. of Prob. and Parole, 423 F.3d 282, 283 (3d Cir. 2005) (emphasis in original) (quoting Garner v. Jones, 529 U.S. 244, 255 (2000) and citing Mickens-Thomas v. Vaughn, 321 F.3d 374, 393 (3d Cir. 2003)). The Petitioner has not satisfied these factors and, therefore, his *ex post facto* claim has no merit.

## C.     Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473,

484 (2000). Applying that standard here, jurists of reason would not find it debatable whether each of the Petitioner's claims should be denied. Accordingly, a certificate of appealability is denied.

**II.**

For the reasons set forth above, the petition for a writ of habeas corpus is denied and a certificate of appealability is denied. The Petitioner's motions for release [ECF Nos. 15, 19] are also denied because he is not entitled to habeas relief.

An appropriate Order is attached.


Dated: January 25, 2017
/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN PATRICK GARRISON, | ) | |
| Petitioner, | ) | Civil Action No. 16-92 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| | ) | |
| MICHAEL CLARK, et al., | ) | |
| Respondents. | ) | |

**ORDER**

AND NOW, this 25th day of January, 2017, IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DENIED and a certificate of appealability is DENIED on all claims. It is FURTHER ORDERED that the Petitioner's motions for release [ECF No. 15, 19] are DENIED.

The Clerk of Court shall mark this case CLOSED.


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge


cc:     Notice by ECF to counsel of record and by U.S. mail to Petitioner at his address of record